No. 13735

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

WILSHIRE INSURANCE COMPANY
a California Corporation, and
GENE STREITZ,

          Petitioners and Respondents,
          and Cross-Appellant,

    -vs-

JANICE S. CARRINGTON, Justice of the
Peace, Missoula County, Montana,

          Respondent and Appellant.

---

Appeal from: District Court of the Fourth Judicial District,
          Honorable Edward Dussault, Judge presiding.

Counsel of Record:

    For Appellant:

        Robert L. Deschamps III, argued, County Attorney,
        Missoula, Montana

    For Respondents:

        Skelton and Knight, Missoula, Montana
        Robert Skleton argued, Missoula, Montana

---

               Submitted: October 3, 1977
               Decided: OCT 24 1977

Filed: OCT 24 1977

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court:

Petitioners, Wilshire Insurance Company (Wilshire) and Gene Streitz, respondents herein, brought an action for a writ of mandamus seeking to require appellant Missoula County Justice of the Peace Janice S. Carrington, to accept respondents' bail bonds. Following a hearing the district, Missoula County, granted the requested writ and in addition awarded $175 in damages and attorney fees of $500 to respondents.

Appellant thereafter moved for an amendment of judgment seeking to have the award of damages and attorney fees deleted. The court amended the judgment by deleting the award of attorney fees only. Appellant appeals from the amended judgment. Respondents' crossappeal from that portion of the court's order denying attorney fees has been abandoned on this appeal.

Wilshire is a California Corporation authorized by the Montana State Commissioner of Insurance to do business in Montana as a commercial surety. Streitz is a licensed agent of Wilshire. They have provided bail bonds for criminal defendants in the court of Justice Carrington for some time. On at least one occasion prior to the present case, respondents were directed in writing to pay over a bond immediately upon the bonded defendant's failure to appear, and were advised it was Justice Carrington's policy that this be done in future cases.

On December 8, 1976, respondents supplied bail bonds in the amount of $2000 on each of two criminal defendants. Before bonding out of jail, defendants were notified by the sheriff to appear on the morning of December 9, 1976. Defendants failed to appear. Justice Carrington immediately entered an order forfeiting the bonds and orally notified respondents the bonds were immediately due and payable. Respondents advised the money would be paid by 4:00 p.m. on December 10. However, no payment was made. Thereafter, Justice Carrington and William Monger, Missoula County Justice of the Peace, Division 2, entered orders directing the sheriff to accept no further bonds from respondents.

Streitz received no written notice of the forfeiture until December 13. Later that day, he unsuccessfully attempted to obtain Justice Carrington's approval for two additional bonds, thereby failing to collect at least $175 in bonding fees. This action filed on December 14 ensued. Respondents have not yet paid the $4000 in forfeited bonds.

The issues presented on this appeal are:

1. May a Montana justice of the peace court order that forfeited surety bonds be paid immediately?

2. May such court refuse to accept further bonds from a surety until its previously forfeited bonds are paid?

Issue 1. Immediate payment upon forfeiture.

The exclusive procedure to be followed upon a failure of an accused to appear in court or otherwise comply with the conditions of the bail bond is prescribed by sections 95-1116 and 95-1117, R.C.M. 1947:

"95-1116. Conditions of bail - when performed - when not performed.

"* * *

"(b) If the accused does not comply with the conditions of the bail bond, the court having jurisdiction shall enter an order declaring the bail to be forfeited.

"If such forfeiture is declared by a district court, notice of such order of forfeiture shall be mailed forthwith by the clerk of the court to the accused and his sureties at their last known address.

"(c) If at any time within thirty (30) days after the forfeiture the defendant or his bail appear and satisfactorily excuse his negligence or failure to comply with the conditions of the bail, the court, in its discretion, may direct the forfeiture of the bail to be discharged upon such terms as may be just.

"If such forfeiture is declared by a district court and if the forfeiture is not discharged as provided in this section, the court shall enter judgment for the state against the accused and his sureties for the amount of the bail and the costs of the proceedings."

"95-1117. Disposition of judgment and execution.

"* * *

"(c) When judgment is entered in favor of the state and against the sureties or the surety company or when the forfeiture has not been discharged, execution may be issued against the sureties or the surety company in the same manner as executions in civil actions."

Appellant takes the position the statutory scheme is of dual application. That is, the statutes distinguish between district courts and other courts, such as justice courts, holding the former to a stricter standard of written notification of forfeiture and a thirty day "waiting period" during which the forfeiture may be discharged, prior to automatic entry of judgment and an ensuing execution. Justice courts, she argues, are subject to no such restrictions, and need only enter an order of forfeiture upon noncompliance as a precondition to immediate payment of the face amount of the bond. We find such a position untenable.

- 4 -

We hold statutory procedures detailed in sections 96-1116 and 95-1117 are equally applicable to bond forfeiture proceedings in justice courts. An order requiring immediate payment on the forfeited bond is tantamount to an immediate and automatic judgment not provided for by statute. Such a procedure would afford justice courts broad powers and an unlimited range of discretion not enjoyed by district courts. We note in this regard that district courts, as contrasted with justice courts, are courts of record staffed by judges professionally trained in the practice and principles of law and legal procedure. Such judges are, by virtue of sections 95-1116 and 95-1117, held to a standard of accountability. Such a standard is no less applicable to justice courts.

Referring to various principles and statutes pertaining to contract law, appellant maintains a surety bond is in the nature of a contract. Contractual terms, if capable of being performed instantly, must be so performed. While a bond is in the nature of a contract, a procedure for forfeiture and enforcement mandated by statute is exclusive and must be followed. See: 8 Am Jr 2d Bail and Recognizance, §§ 139, et.seq. Appellant's argument in this regard is without merit.

Finally, appellant offers policy reasons in support of her position. She argues the traditional procedure whereby defendants charged with minor offenses typically forfeit bonds in justice court, in lieu of an appearance, would be frustrated and substantial delay in the administration of justice would result from imposition of the requirements of sections 95-1116 and 95-1117. This argument is not compelling. The Revised Commission Comment to section 95-1103, R.C.M. 1947, indicates the procedure for determination, acceptance and forfeiture of

- 5 -

bail for certain minor offenses is to be distinguished from the forfeiture procedures outlined in sections 95-1116 and 95-1117. The usually speedy forfeiture procedure advocated by appellant is in no manner impaired by our holding in this case.

Issue 2. Refusal to accept further bonds.

Relying primarily upon broad textual authority, appellant asserts a justice court has the discretion to refuse a surety's tendered bonds, although that surety is authorized to do business by the state commissioner of insurance and has in all other respects complied with statutes regulating the bail bond business.

Article II, Section 21, 1972 Montana Constitution specifically provides:

> "All persons shall be bailable by sufficient sureties except for capital offenses, when the proof is evident or the presumption great." (Emphasis added.)

In addition, section 40-4501, R.C.M. 1947, provides, in part:

> "A surety insurer authorized as such under this code shall have the power to become the surety on bonds and undertakings required by law * * *." (Emphasis added.)

We hold that the above provisions, taken separately or together, mandate approval by courts of all bonds offered by those commercial sureties properly authorized to do business in this state.

Here, it is not disputed that respondents were in compliance with the pertinent provisions of law and were authorized to do business as commercial sureties in the state of Montana. We conclude appellant's refusal to accept respondents' bonds

was error.  Such bonds should be approved in all similar cases.

The amended judgment granting respondents' requested writ of mandate is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.